ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 28 AM 8:51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JAMES P. WELTY, | ) |
| Plaintiff, | ) |
| v. | ) CV 312-034 |
| WHEELER CORRECTIONAL FACILITY, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), the Court screened his original and amended complaints, construed together, pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a prior Report and Recommendation ("R&R"), the Court recommended that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. (Doc. no. 10.) Following issuance of the R&R, Plaintiff filed objections. (Doc. nos. 12, 13.) Now, in a simultaneously issued Order, the Court has vacated its prior R&R dismissing the complaint on grounds of failure to exhaust. Thus, the Court will now proceed to re-screen Plaintiff's

original and amended complaints, again construed together,[1] in accordance with the IFP statute. Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Wheeler Correctional Facility ("WCF"); (2) Jason Medlin, the Warden of WCF; (3) Corrections Corporations of America ("CCA"), a private corporation that has contracted to house state prisoners at WCF; and (4) Jason Henniger, the CEO of CCA. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that he has a medical condition called "targadisconesia" which, if not medicated properly, causes his hands and arms to shake and his other muscles to spasm and twitch. (Id. at 5.) In extreme cases, Plaintiff alleges that his condition can affect his ability to speak, in that it will cause him to stutter and stammer. (Id.) To treat his condition, Plaintiff asserts that he has been

---

[1] Two weeks after filing his original complaint, Plaintiff submitted an amended complaint that he appears to have intended to supplement his original complaint rather than to replace it. Because Defendants have neither been served nor filed an answer, Plaintiff was authorized to amend his complaint as a matter of right. See Fed. R. Civ. P. 15(a)(1); see also Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' *i.e.*, without seeking court leave." (citing Fed. R. Civ. P. 15(a))). While the preferred method for amendment is to include all allegations in a single document rather than amending in a piecemeal fashion, the Court will in this instance read Plaintiff's amendment in conjunction with his complaint. Accordingly, the documents that the Court will proceed to screen include Plaintiff's original complaint as well as his subsequent amended complaint. (Doc. nos. 1, 6.) For ease of reference, the Court will hereinafter refer to the two documents collectively as Plaintiff's "complaint."

2

prescribed 50 milligrams of Benadryl to take in the morning at 5:00 A.M. and 100 milligrams to take in the evening at 5:00 P.M. (Id.) Plaintiff further asserts that he must take his prescribed medication within a "reasonable time frame" of those prescribed times. (Id.)

Plaintiff alleges that over the course of slightly more than two days, beginning on April 7, 2012 and ending on April 9, 2012, "pill call," during which inmates are issued their prescribed medications, was held consistently and significantly later than its customary times of 5:00 A.M. and 5:00 P.M. (Id. at 5-7.) Specifically, Plaintiff alleges that the pill call scheduled for 5:00 P.M. on April 7 was held at 2:45 A.M. on the morning of April 8, that the pill call scheduled for 5:00 A.M. on the morning of April 8 was held at 1:00 P.M. on the same day, and that the pill call scheduled for 5:00 P.M. on April 8 was held at 12:30 A.M. on the morning of April 9. (Id. at 6.) Plaintiff alleges that, as a result of the late pill calls, his targadisconesia "flared up" and caused his hands to shake so badly that he was unable to hold kitchen utensils and was forced to eat with his bare hands. (Id. at 6-7.) Plaintiff asserts that his symptoms persisted at that level of intensity from the morning of April 8 through April 10, at which point his symptoms abated and he wrote the instant complaint. (Id.) Notably, Plaintiff's informal grievance form is dated April 8, 2012, and is marked as filed on April 9, 2012. (Doc. no. 6, p. 10.)

Plaintiff asserts that, due to the late pill calls, he was forced to "miss out on sleep," that he was incapable of eating the food provided to him given that he was not offered any alternative meals to accommodate his condition, and that he was forced to endure the humiliation of eating with his hands in front of the other inmates and officers. (Id. at 8-10.)

3

More generally, he alleges claims of "medical negligence" against the named Defendants, whom he asserts are responsible for the actions of the staff at WCF. (Id. at 10.) In his request for relief, Plaintiff requests that the pill call procedure be redesigned and that the CCA monetarily compensate him in whatever amount the Court deems appropriate. (Id. at 11.)

## II. DISCUSSION

### A. WCF Not Subject to Liability in § 1983 Suit

First, Plaintiff's allegations are insufficient to state a claim against WCF, which is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Plaintiff has not shown, and the Court is not aware of, any applicable precedent for recognizing a state prison as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sebastian v. Maynard, 2010 U.S. Dist. LEXIS 86017, at *4 (M.D. Ga. July 12, 2010) (holding that county detention center

4

"is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, 2009 U.S. Dist. LEXIS 71419, at *2 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). In accordance with these decisions and Plaintiff's failure to show that WCF is subject to a § 1983 suit, the Court finds that WCF is not subject to liability for any of the allegations in Plaintiff's complaint.[2] Plaintiff has therefore failed to state a claim against Defendant WCF, and it should be dismissed from this case.

### B. No Supervisory Liability Claim Against Defendants WCF, CCA, Jason Medlin, and Jason Henniger

Next, even if WCF were amenable to suit, Plaintiff does not mention it or any of the named Defendants in his complaint aside from, first, naming them in the caption of the complaint, and, second, explicitly asserting that they are each included in the lawsuit because they are responsible for the actions of their employees. (Doc. no. 1, p. 9.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway

---

[2] Even if WCF were capable of being sued for violating § 1983, it could not be held liable for the actions of the other Defendants on the basis of *respondeat superior*. See infra Part II.B.

5

Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendants and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against Defendants.

Moreover, Plaintiff's claims against all Defendants are also inadequate to the extent that Plaintiff is attempting to hold them responsible for the acts of unnamed employees of WCF, against whom the Court presumes Plaintiff directs his allegations of "medical negligence," among other things. (Doc. no. 1, p. 10.) "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers and private contractors[3] cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer

---

[3]Of course, private contractors that run prisons, like CCA, do act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Nevertheless, as explained herein, the principle that *respondeat superior* is not a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

6

actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, Plaintiff only mentions the named Defendants in the caption of the complaint and then, later, in the body of his claim in order to state in conclusory fashion that each Defendant is liable for the acts of their employees. Nowhere does Plaintiff mention that Defendants actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, Plaintiff alleges simply that three pill calls were

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

7

held late over the course of slightly more than two days, after which the schedule was presumably corrected and he recovered from the symptoms of his condition. Three late pill calls over the course of two days does not equate to the sort of "widespread abuse" that is "rampant" and "of continued duration" that Plaintiff must show in order to hold Defendants responsible for the acts of their employees. Brown, 906 F.2d at 671. Thus, Plaintiff has not made the necessary showing with respect to Defendants.

### C. No Monetary Damages for Mental Suffering

As part of his relief, Plaintiff seeks monetary compensation from CCA for the mental pain and suffering he endured as a result of having to eat "like an animal" due to the symptoms of his condition and the late pill calls. However, even if CCA were amenable to suit in this case, under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has unequivocally held that this provision applies to constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*); cf. Napier v. Preslicka, 314 F.3d 528, 532-33 & n.2 (11th Cir. 2002), *reh'g en banc denied*, 331 F.3d 1189 (11th Cir. 2003) (finding that § 1997e(e) bars § 1983 claim for emotional injuries alleged to have resulted from mistaken arrest).

In this case, Plaintiff contends that his symptoms caused his hands to shake during meals, that he "missed out on sleep," and that he "did not receive an adequate amount of food" as a result of his shaking hands, but he does not contend that he suffered any actual physical injury resulting from the late pill calls. (Doc. no. 1, pp. 8-9.) Consequently,

Plaintiff has failed to allege facts sufficient to satisfy the mandates set forth in § 1997e(e). Moreover, the Court will not allow Plaintiff to pursue such damages in order to "monetarily penalize [CCA]," "attack [CCA's] profit margin," or "teach them a lesson." (Id. at 11.) Therefore, Plaintiff fails to state a claim upon which relief may be granted as to his request for monetary damages for his pain and suffering.

### D. No Injunctive Relief

Finally, Plaintiff also requests that WCF "be required to re-design [their] medical and pill call procedures." (Id.) A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)). Here, even if the named parties were amenable to suit, Plaintiff has not demonstrated that the pill call procedures that resulted in his alleged injuries continued beyond the two-day period that he describes in his complaint, or are in any way ongoing, and thus his claim is moot.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE