ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV 15 AM 9: 50
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| JAMES P. WELTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-034 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 17). While Plaintiff does not provide in his objections any arguments concerning his claims, he does state that he "invoke[s] his right to be represented as granted by the [C]onstitution of the United States" and proposes that the Court continue this case until such time as he is able to retain counsel. (Id. at 4-5.) Plaintiff argues that he requires the assistance of an attorney because he "does not have the experience nor knowledge to prosecute [his] case." (Id. at 5.)

First, the Court will not grant Plaintiff's request that this case be indefinitely continued until the time that he is able to retain counsel. By his decision to bring the instant action, Plaintiff bears the responsibilities associated with bringing a case into this Court. One of those is the responsibility to prosecute his case. Simply put, his status as a *pro se* incarcerated litigant does not excuse his duty to adhere to the Local Rules and the Federal

Rules. See, e.g., Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (Even *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Those rules provide for the orderly and timely disposition of cases. Plaintiff has provided no indication as to the proximity or likelihood of his being able to retain counsel and instead simply asserts that he "must have counsel" in order to effectively "prosecute [his] case." (Doc. no. 17, pp. 4-5.) The Court will not prolong this case indefinitely by continuing until some unidentified future date.

Moreover, to the extent that Plaintiff is attempting to have counsel appointed for him, the Court notes that, as a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

Indeed, this is a straightforward action concerning Eighth Amendment deliberate indifference claims, and the Magistrate Judge has already determined that Plaintiff's complaint failed to state a claim upon which relief may be granted. (Doc. no. 15.) Moreover, Plaintiff has shown himself capable of communicating with the Court and "presenting the essential merits of his . . . position," which is a key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

2

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this 15th day of November, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE